# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff/Respondent,

v.                                No. CIV 08-0942 RB/LAM
                                     No. CR 05-0144 RB

JERRY WAYNE TRAXLER,

      Defendant/Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant/Movant Jerry Wayne Traxler's *Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (*Doc. 1*)[2] and his *Motion to Supplement 28 U.S.C. § 2255 That Movant Requested be Held in Abeyance* (*Doc. 12*)[3] (hereinafter both, collectively, "*Motion*"). On May 7, 2009, the government filed *Government's Response to Movant Traxler's Motion Pursuant to 28 U.S.C. § 2255* (*Doc. 20*) (hereinafter "*Response*"). Although Mr. Traxler requested (*Document 21*) and was granted an extension of time (*Document 23*) to file a reply by June 10, 2009, he did not file a reply until June 19, 2009. *See Answer to Government's Response to Motion Under § 2255* (*Doc. 27*)

---

[1] **Within ten (10) days after a party is served with a copy of these proposed findings and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections with the clerk of the United States District Court for the District of New Mexico within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

[2] Unless otherwise noted, all referenced documents are from Case No. CIV-08-0942.

[3] On February 10, 2009, the Court granted Mr. Traxler's *Motion to Supplement 28 U.S.C. § 2255 That Movant Requested be Held in Abeyance* (*Doc. 12*). *See Order Granting Traxler's Motion to Hold in Abeyance* (**Doc. 3**) *and Motion to Supplement 28 U.S.C. § 2255 Motion* (**Doc. 12**) *and Order for Government to Respond to 28 U.S.C. § 2255 Motion* (**Doc. 1**) *and Supplement to 28 U.S.C. § 2255* (**Doc. 12**) (*Doc. 13*).

(hereinafter "*Reply*"). On June 12, 2009, Mr. Traxler prepared *Movant's Motion for Enlargement of Time* (*Doc. 26*) requesting additional time, until June 19, 2009, in which to file a reply. Mr. Traxler filed his *Reply* on June 19, 2009, but his second motion for extension of time was not filed until June 22, 2009.  *Id.*  The government did not object to Mr. Traxler's second request for an extension of time to file a reply.  Therefore, the undersigned recommends that the extension be granted in part *nunc pro tunc* to June 10, 2009 and denied in part as forth herein.  Finally, also before the Court is Mr. Traxler's *Motion for an Evidentiary Hearing* (*Doc. 28*) filed on June 19, 2009.

The Honorable Robert C. Brack, United States District Judge, referred the claims raised in the *Motion* (*Docs. 1, 12*) to the undersigned for proposed findings and a recommended disposition, and hearings, if necessary.  *Order of Reference* (*Doc. 4*).  Having considered the parties' submissions, the relevant law, and the records in this case and in Mr. Traxler's underlying criminal case contained in Case No. CR-05-0144, the undersigned, for the reasons set forth below, recommends that:

(1) in the interest of justice, and because the government did not object, the *Movant's Motion for Enlargement of Time* (*Doc. 26*) be **GRANTED IN PART** *nunc pro tunc* to June 10, 2009 and **DENIED IN PART**.  The Court will consider herein Mr. Traxler's *Reply* (*Doc. 27*) only to the extent that it addresses issues contained in the *Response* (*Doc. 20*) and will not consider any new claims raised for the first time in the *Reply* (*Doc. 27*).

(2) the claims raised in Mr. Traxler's *Motion* (*Docs. 1, 12*) be **DENIED**;

(3) the *Motion for an Evidentiary Hearing* (*Doc. 28*) be **DENIED**; and

(4) Case No. CIV-08-0942 be **DISMISSED with prejudice.**

## Factual and Procedural Background

Mr. Traxler was arrested on October 29, 2004. ***Criminal Complaint*** (*Doc. 1*) at 2, filed in Case No. CR-05-0144. On January 20, 2004, Mr. Traxler was indicted, along with Adam Ladue and Dennis Denning, for conspiracy to possess with the intent to distribute 50 grams and more of methamphetamine. ***Indictment*** *(Doc. 16)*, filed in Case No. CR-05-0144. A two-day jury trial was held on June 27-28, 2005. ***Clerk's Minutes*** (*Doc. 80*), filed in Case No. CR-05-0144. On June 28, 2005, the jury found Mr. Traxler and Mr. Denning guilty of conspiracy to possess with intent to distribute methamphetamine.[4] ***Verdict*** (*Doc. 83*), filed in Case No. CR-05-0144, at 1.

On November 14, 2005, Mr. Traxler was sentenced to 324 months of imprisonment. ***Judgment in a Criminal Case*** (*Doc. 102*), filed in Case No. CR-05-0144 at 2. The Tenth Circuit Court of Appeals affirmed the conviction and the sentence. ***Appeal From the United States District Court for the District of New Mexico (D.C. No. CR-05-0144-RB)*** (*Doc. 142*) at 18 (hereinafter "***Direct Appeal***"), filed in Case No. CR-05-144 at 1. Likewise, on October 1, 2007, the United States Supreme Court denied Mr. Traxler's petition for *writ of certiorari* appealing the Tenth Circuit's affirmance of the conviction and sentence. ***Letter, Supreme Court of the United States*** (*Doc. 144*), filed in Case No. CR-05-144.

## Analysis

In order to be successful on his ***Motion***, Mr. Traxler must show any of the following: (1) that his sentence violates the "Constitution or laws of the United States," (2) that the sentencing "court was without jurisdiction," (3) that "the sentence was in excess of the maximum authorized

---

[4]Mr. Traxler's co-defendant, Adam Ladue, had entered into a plea agreement with the United States Attorney on June 23, 2005 and, therefore, was not included in the jury verdict. ***Plea Agreement*** (*Doc. 64*) at 1, filed in Criminal Case No. CR-05-0144.

by law," or (4) that his sentence "is otherwise subject to collateral attack."  28 U.S.C. § 2255(a); *United States v. Kell*, No. 03-6223, 105 Fed. Appx. 976, 978, 2004 WL 1690373 (10th Cir. July 29, 2004) (unpublished).  If the Court finds that any of these circumstances exist, the Court must vacate the underlying judgment and set it aside, and either grant a new trial, correct the sentence, or release Mr. Traxler.  *See* 28 U.S.C. § 2255(b).

In his ***Motion*** (*Doc. 12*), Mr. Traxler asserts that both his trial and appellate counsel rendered ineffective assistance for several reasons, and he asserts that the government did not produce discovery materials in a timely manner.  Mr. Traxler asserts that his trial attorney was ineffective for:  **(1)** failing to move for dismissal based on a violation of his Sixth Amendment right to a speedy trial (*id.* at 2); **(2)** failing to properly investigate discovery material that was produced late by the government (*id.* at 2); **(3)** "failing to request a buyer/seller jury instruction" when the evidence only showed "at most, . . . a buyer[-]seller relationship between Movant and [his co-defendant]" (*id.* at 3-4); **(4)** moving for acquittal instead of moving for a new trial (*id.* at 4); **(5)** promising Movant that counsel would win the case, on which Movant relied and, therefore, rejected the government's plea offer, and failing to inform him of how much time he faced if found guilty; (*id.* at 4); **(6)** "failing to inform Movant that he could have pled guilty without a plea agreement" (*id.* at 5);   and **(7)** failing to move for a mistrial related to a note from the jury; (*id.* at 5). Additionally, Mr. Traxler asserts that his appellate counsel was ineffective for: **(8)** failing to argue insufficiency of the evidence (*id.* at 6); and **(9)** failing to argue that the trial judge inappropriately denied a motion to suppress evidence because the ruling was based on a finding of fact, which should have been resolved by the jury rather than by the judge (*id.* at 7).

The new claims raised in Mr. Traxler's ***Reply*** (*Doc. 27*), which were not included in his ***Motion*** (*Docs. 1, 12*) will not be considered.  *Pro se* litigants "must follow the same rules of procedure that govern other litigants."  *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).  "Issues raised for the first time in a reply brief will not be considered."  *United States v. Hardwell*, 80 F.3d 1471, 1495 (10th Cir. 1996) (citation omitted).  In his ***Reply*** (*Doc. 27*) and for the first time during this case, Mr. Traxler complains, *inter alia*, that the sentencing judge incorrectly applied the sentencing guidelines (*id.* at 4), his sentence is "[u]nreasonable" (*id.* at 10), and he was "offended ([p]rejudiced) by being labeled a 'NAZI'" (*id.* at 9).  The Court will not consider any new claims raised in the ***Reply*** (*Doc. 27*).

To prevail on his ineffective assistance of counsel claims, Mr. Traxler must satisfy the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984).  First, he must show that counsel's performance "fell below an objective standard of reasonableness."  *Id.* at 687-88.  Second, he "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  The Court begins with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *United States v. Taylor*, 454 F.3d 1075, 1079 (10th Cir. 2006) (quoting *Strickland*, 446 U.S. at 689).

### *1. Ineffective Assistance of Counsel for Failing to Move for Dismissal Based on Violation of Mr. Traxler's Sixth Amendment Right to a Speedy Trial*

Mr. Traxler contends that his counsel's assistance was ineffective because his attorney did not move to dismiss the charges for violation of Mr. Traxler's constitutional right to a speedy trial.  ***Motion*** *(Doc. 12)* at 2.  To determine whether Mr. Traxler's counsel was unreasonable under *Strickland* in not moving for dismissal, the Court will examine the merits of the speedy trial claim

itself.  Four factors are balanced in constitutional speedy trial claims: "[1] the length of the delay, [2] the reason for the delay, [3] whether the defendant asserted his right to a speedy trial, and [4] whether the delay prejudiced the defendant."  *United States v. Tranakos*, 911 F.2d 1422, 1427 (10th Cir. 1990) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

The length-of-delay factor serves as a "gatekeeper," and the other factors are examined only when the delay is so long that it is "presumptively prejudicial."  *United States v. Batie*, 433 F.3d 1287, 1290 (10th Cir. 2006) (citations omitted).  The Tenth Circuit has identified no bright line beyond which a pretrial delay is deemed presumptively prejudicial so as to trigger the *Barker* analysis.  *United States v .Yehling*, 456 F.3d 1236, 1244 (10th Cir. 2006); *United States v. Dirden*, 38 F.3d 1131, 1137 (10th Cir. 1994).  Generally, delays "approaching one year" are presumptively prejudicial.  *Batie*, 433 F.3d at 1290.  Constitutional speedy trial rights attach at either arrest or indictment, whichever is earlier.[5]  *Id.* (citations omitted).

In *United States v. Kalady*, the Tenth Circuit found that a pretrial delay of eight months was not presumptively prejudicial. 941 F.2d 1090, 1095 (10th Cir. 1991).  Similarly, the court found that delays of seven months and seven and one-half months were not presumptively prejudicial.  *United States v. Lugo*, 170 F.3d 996, 1002 (10th Cir. 1999) (seven-months delay not presumptively prejudicial); *Dirden*, 38 F.3d at 1138 (seven-and-one-half-months delay not presumptively prejudicial).

Mr. Traxler was arrested on October 29, 2004 and was tried on June 27-28, 2005.  *See* **Criminal Complaint** (*Doc. 1*) at 2, filed in Case No. CR-05-0144 (arrest); **Clerk's Minutes**

---

[5]In its **Response**, the government correctly states that pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(c)(1), the clock begins ticking at the *later* of arrest or indictment. (*Document 20*) at 7.  Mr. Traxler, however, has not asserted a violation of his right under the Speedy Trial Act; rather, he asserts that his "Sixth Amendment right to speedy trial was violated." **Motion** (*Doc. 12*) at 2.

*(Doc. 80)*, filed in Case No. CR-05-0144 (trial). Therefore, he waited nearly eight months from the time of his arrest to his trial. Eight months is not presumptively prejudicial, and therefore, the Court need not address the other *Barker* factors. Mr. Traxler's Sixth Amendment right to a speedy trial was not violated, and therefore, the Court finds that his counsel was not unreasonable and not ineffective in failing to move for dismissal. The Court recommends that this claim be denied.

### 2. Ineffective Assistance of Counsel for Failing to Properly Investigate Discovery Material That Was Produced Late

Mr. Traxler asserts that his counsel was ineffective for failing to "properly investigate in order to prepare proper defense due to the [g]overnment failing to turn over [d]iscovery in a timely manner." **Motion** *(Doc. 12)* at 2. Again, the test under *Strickland* for ineffective assistance of counsel is whether the attorney's performance (1) was unreasonable, and if so, (2) whether counsel's performance prejudiced the client. 466 U.S. 668, 687-88, 694.

Mr. Traxler does not explain how his trial counsel did not investigate or properly defend against the late discovery. **Motion** *(Doc. 12)* at 2. To the contrary, Mr. Traxler says that his counsel filed a motion *in limine* to exclude the late discovery material because its untimeliness violated the court's discovery order. *Id.* Furthermore, Mr. Traxler states that his counsel "was quite concerned for getting all the stuff at the 11th hour and thought they were being rushed into trial." *Id.*

Mr. Traxler also asserts that his counsel was ineffective because counsel was "unable to investigate [whether] Adam La[d]ue . . . had actually been working as an informant for [law enforcement] at the time of the arrest." **Motion** *(Doc. 12)* at 3. The record, however, establishes that counsel did seek to investigate possible informants as early as February 17, 2005. *See* ***Defendant's Motion to Identify and Produce Informant(s) As Well As Any Relevant Impeachment Evidence*** *(Doc. 26)*, filed in Case No. CR-05-0144. Mr. Traxler's trial counsel filed a motion

requesting that the government disclose, among other things, the identities of any informants.  *Id.*  The trial court, however, denied the motion.  ***Memorandum Opinion and Order*** (*Doc. 58*) at 9, filed in Case No. CR-05-0144.

Finally, Mr. Traxler offers no evidence, nor does he suggest, that the outcome of his trial would have been different if his attorney had investigated or defended against the late discovery material in a different way.  The Court finds that Mr. Traxler fails to show that his counsel's performance was unreasonable or that he was prejudiced and, therefore, recommends that this claim be denied.

### 3. Ineffective Assistance of Counsel for
### Failing to Request a Buyer/Seller Jury Instruction

Mr. Traxler contends that his counsel's assistance was ineffective because his attorney did not request a "buyer/seller jury instruction."  ***Motion*** (*Doc. 12*) at 3.  However, Mr. Traxler fails to identify or describe this jury instruction.  *See id.*  Although a *pro se* litigant's pleadings should be construed liberally, a court cannot "assume the role of advocate" for him.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Trial counsel in the underlying criminal case, Mr. Esparza, explained in his affidavit that he did not request a buyer/seller jury instruction because he "know[s] of no such instruction."  ***Response***, Exhibit 1 (*Doc. 20-2*) at 3.  The Court reviewed the Tenth Circuit's Criminal Pattern Jury Instructions and found no instruction that was even remotely identifiable as a "buyer/seller" instruction.  Mr. Traxler's reference to his preferred jury instruction is so vague that the Court cannot identify it.  The Court finds that Mr. Esparza's assistance was not unreasonable for failing to request a jury instruction that cannot be identified.  Moreover, Mr. Traxler does not explain how his counsel's failure to request a "buyer/seller" jury instruction prejudiced him.  The Court finds that

Mr. Traxler's claim of ineffective assistance of counsel for failing to request a "buyer/seller" jury instruction fails on both prongs of *Strickland* and recommends that this claim be denied.

### 4. Ineffective Assistance of Counsel for Failing to Move for a New Trial

Mr. Traxler contends that the standard for granting a new trial is lower than for granting a judgment of acquittal, and therefore, his counsel's assistance was ineffective in moving for a judgment of acquittal rather than for a new trial. ***Motion*** (*Doc. 12*) at 4.  Conclusory allegations, without more, do not meet the *Strickland* test for ineffective assistance of counsel.  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) ("[W]e are not required to fashion Defendant's arguments for him where his allegations are merely conclusory . . . and without supporting fact[s].");  *Hall*, 935 F.2d at 1110 ("[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.").

Mr. Traxler states that his counsel was constitutionally ineffective because he requested a judgment of acquittal instead of a motion for a new trial.  Mr. Traxler contends that the standard for granting the latter is lower than the standard for granting the former, and *ipso facto* his attorney should have requested the one with the lower standard.  However, it is irrelevant whether the standard for one is actually lower than for the other because Mr. Traxler offers nothing to evidence that he could have met either standard.  Just because there may be a lower bar for one motion than the other, which the Court assumes but does not necessarily find, does not mean that Mr. Traxler would have met it.  In fact, Mr. Traxler gives no evidence tending to show that he would have been granted a new trial if his counsel had requested it.  He gives no indication of the grounds on which a motion for a new trial would have been rooted or why his counsel should have moved for a new trial.  His assertion is conclusory and, without more, the Court finds that it does not support his ineffective-assistance-of-counsel claim.  Therefore, the Court recommends that this claim be denied.

### 5. Ineffective Assistance of Counsel for Promising to Win the Case, on Which Mr. Traxler Relied and Rejected the Plea Offer, and for Failing to Inform Mr. Traxler of How Much Time He Faced if Found Guilty

Mr. Traxler claims that his attorney advised him to reject the government's plea offer "because [Traxler and his attorney] would win the case." ***Motion*** (*Doc. 12*) at 4.  Mr. Traxler claims that if his attorney had informed him that he "stood a slim chance of winning and how much time he faced if he [were] found guilty, [he] would have accepted the plea offer." *Id.* at 5.  His trial attorney denies these claims and avers in his affidavit that he advised Mr. Traxler that "he had a difficult case to win" and was "looking at 'a lot of time.'" ***Response***, Exhibit 1 (*Doc. 20-2*) at 2, ¶ 18.  He further states that he "gave [Mr. Traxler] a copy of the sentencing guidelines table[,] and [they] figured out his exposure given [Mr. Traxler's] criminal history. *Id.* at ¶ 15.

"The decision of whether to accept a plea agreement lies ultimately with the defendant and cannot serve as a basis for an ineffective assistance of counsel claim." *United States v. Lazcano-Villalobos*, No. 01-2289, 33 Fed. Appx. 927, 928, 2002 WL 475255 (10th Cir. Mar. 29, 2002) (unpublished).  It is undisputed that Mr. Traxler was aware of the plea offer and its terms.  *See* ***Motion*** (*Doc. 12*) at 4-5 ("Shortly after [Mr. Traxler] was arrested[,] his counsel informed [him] that the [g]overnment offered a plea deal for ten (10) years."); *see* ***Response***, Exhibit 1 (*Doc. 20-2*) at 2, ¶ 15.  Therefore, even if Mr. Esparza had promised to win the case, and that promise had induced Mr. Traxler to reject the plea offer, there would still be insufficient grounds to find ineffective assistance of counsel.  The Court finds that Mr. Traxler's counsel's assistance was not ineffective with respect to either the plea offer or the amount of time Mr. Traxler faced if convicted and, therefore, recommends that this claim be denied.

### 6. Ineffective Assistance of Counsel for Failing to Advise Mr. Traxler
### That He Could Plead Guilty Without a Plea Agreement

Mr. Traxler complains that his attorney's assistance was ineffective because "[a]t no time did counsel inform [him] that he could plead guilty without a plea agreement and receive a reduced sentence for Acceptance of Responsibility after the chances of winning became slim." *Motion* (*Doc. 12*) at 5. Mr. Traxler's trial attorney denies this allegation and asserts that "at all times while th[ese] charges were pending, [he] explained to Mr. Traxler [that] he had an option to plead 'straight up' without the benefit of a plea agreement." *Response*, Exhibit 1 (*Doc. 20-2*) at 2, ¶ 19. The *Strickland* test for ineffective assistance of counsel applies to claims of ineffective assistance related to the "plea process." *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). The Court, therefore, evaluates Mr. Traxler's claim according to the *Strickland* standard.

The decrease in offense level, to which the Acceptance of Responsibility section of the U.S. SENTENCING GUIDELINES MANUAL (2003)[6] refers, is not automatic upon a plea of guilty. *See* § 3E1.1; *see also United States v. Topete-Plascencia*, 351 F.3d 454, 460 (10th Cir. 2003) (interpreting the 2001 version of § 3E1.1). This section allows for a downward adjustment only where "the defendant *clearly* demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." *United States v. Gassaway*, 81 F.3d 920, 922 (10th Cir. 1996) (emphasis in original) (quoting U.S. SENTENCING GUIDELINES MANUAL (1991) § 3E1.1). Furthermore, "[t]he district court has broad discretion to determine whether to award the reduction." *Id.* (citing *United States v. Sloan*, 65 F.3d 149, 152 (10th Cir. 1995)).

---

[6]Although the Acceptance of Responsibility section of the U.S. SENTENCING GUIDELINES MANUAL underwent changes in 1992 and 2003, it has consistently required something more than just a plea of guilty to trigger a downward sentencing adjustment. *See* U.S. SENTENCING GUIDELINES MANUAL (1992, 2003) § 3E1.1.

In this case, even assuming *arguendo* that the first prong of the *Strickland* test were met and counsel were ineffective in failing to advise Mr. Traxler "after the chances of winning became slim" that he could plead guilty without a plea agreement (**Motion** (*Doc. 12*) at 5), the second prong of the test is not met because Mr. Traxler fails to show any prejudice.  He assumes that if he had pled guilty at some point before the trial, he would have received a "reduced sentence for Acceptance of Responsibility."  **Motion** (*Doc. 12*) at 5.  There is no evidence that Mr. Traxler's sentence would have been reduced, and therefore, Mr. Traxler fails to show any prejudice.  The Court finds that Mr. Traxler's counsel was not ineffective with respect to advice about pleading guilty without a plea agreement and recommends that this claim be denied.

### 7. Ineffective Assistance of Counsel for Failing to Move for Mistrial Related to the Note from the Jury

Mr. Traxler asserts that his counsel was constitutionally ineffective for failing to request a mistrial when a juror sent a written note to the trial judge asking whether "the search that the law officer made [was] legal." *Id.* at 6.  Mr. Traxler asserts that the "remedy" for the note was a mistrial, and his counsel should have requested it.  *Id.*  He claims that when the note was sent to the trial judge, there was no proper response other than for his attorney to request a mistrial. *Id.*  Mr. Traxler explained that because

> there was conflicting testimony concerning whether the defendants were detained or arrested, any answer given, or no answer at all, would [imply] to the jury that the Court was giving more credibility to one witness over another, which could not be cured by any instruction.  The remedy should have been to declare a mistrial at that time.

*Id.*  Mr. Traxler appears to repackage - in the form of an ineffective assistance of counsel claim - his motion at trial to suppress evidence produced from the search on the day of his arrest; the motion was denied.  *See* **Memorandum Opinion and Order** (*Doc. 58*) at 1.

When counsel makes a decision that "[is], *in fact*, an adequately informed strategic choice, the presumption that the attorney's decision [is] objectively reasonable becomes virtually unchallengeable." *Bullock v. Carver*, 297 F.3d 1036, 1046 (10th Cir. 2002) (emphasis in original) (internal quotation omitted).  For an informed choice to be unreasonable under *Strickland*, it must be "so patently unreasonable that no competent attorney would have made it."  *Id.* (internal quotations omitted).

Here, Mr. Traxler's trial counsel explained in his affidavit that when "a question was raised [during the trial] regarding the legality of the stop[,] . . . I renewed our Motion to Suppress on behalf of Mr. Traxler, which was denied."  **Response**, Exhibit 1 (*Doc. 20-2*) at 2, ¶17.  Mr. Esparza defended against the evidence by attempting to have it suppressed.  *Id.*  Beyond Mr. Traxler's conclusory assertions that a remedy was required for the note and that the proper remedy was a mistrial, the Court finds no evidence or authority suggesting that a mistrial request was warranted when the juror sent the note.  The Court finds that Mr. Esparza's approach to defending against the evidence regarding the stop of Mr. Traxler was an adequately informed strategic choice, and his assistance was not ineffective.  The Court recommends that this claim be denied.

### 8. Ineffective Assistance of Appellate Counsel for Failing to Argue Insufficiency of the Evidence

Mr. Traxler claims that his appellate counsel was ineffective for failing to raise insufficiency of the evidence as a claim on appeal.  **Motion** (*Doc. 12*) at 6.  Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal."  *Miller v. Mullin*, 354 F.3d 1288, 1298 (10th Cir. 2004) (quoting *Smith v. Robbins*, 528 U.S. 259, 288 (2000)).  It is difficult, although not impossible, to demonstrate that appellate counsel was ineffective for failing to bring a particular

claim.  *Id.* (citing *Smith v. Robbins*, 528 U.S. at 288).   The *Strickland* two-pronged test for ineffective assistance applies to appellate counsel.  *Malicoat v. Mullin*, 426 F.3d 1241, 1248 (10th Cir. 2005).  To prevail, Mr. Traxler must show that his appellate counsel's performance was unreasonably deficient and that the deficient performance prejudiced him.  *Id.*  (citing *Strickland*, 466 U.S. at 687).

Mr. Traxler's claim meets neither prong of the *Strickland* test.  The entire claim rests on his assertion that his trial counsel moved for acquittal, arguing insufficiency of the evidence to sustain the conviction, pursuant to FED. R. CRIM. P. 29, and therefore, his appellate counsel should have raised insufficiency of the evidence on direct appeal.  ***Motion*** (*Doc. 12*) at 6.  Mr. Traxler provides nothing further to show that his appellate counsel's performance was deficient.  He does not explain what evidence was lacking or in what way it was insufficient.  Moreover, Mr. Traxler provides nothing to show that he was prejudiced by the failure to raise the claim.  In other words, he does not assert, much less provide any evidence to show, that the outcome of his direct appeal would have been different if his appellate counsel had raised the issue.  Finally, his trial counsel stated that in his professional opinion, there was sufficient evidence to support the verdict (***Response***, Exhibit 1 (*Doc. 20-2*) at 2, ¶ 16), and his appellate counsel stated that she did not raise a claim of insufficiency of the evidence because it would have been "frivolous" (***Response***, Exhibit 4 (*Doc. 20-5*)).  For these reasons, the Court recommends that this claim be denied.

### 9. Ineffective Assistance of Appellate Counsel for Failing to Argue that the Trial Judge Inappropriately Denied a Motion to Suppress Evidence Because the Ruling Was Based on a Finding of Fact, Which Should Have Been Resolved by the Jury Rather than the Judge

Although appellate counsel did appeal the suppression-hearing ruling, Mr. Traxler creatively attacks the grounds on which appellate counsel rooted the appeal.  ***Motion*** (*Doc. 12*) at 7.

Mr. Traxler complains that appellate counsel should have challenged the denial to suppress based on the judge himself acting as the trier of fact in the suppression hearing. *Id.*

Appellate counsel's assistance cannot be constitutionally ineffective for omitting meritless claims. *Miller*, 354 F.3d at 1289. The federal rules of criminal procedure require motions to suppress evidence be made *before* trial. FED. R. CRIM. P. 12(b)(3)(C). The rule separates those motions that *may* be made before trial from those that *must* be made before trial, and motions to suppress evidence "must" be made before trial. *Id.* Juries are not constituted until the beginning of trial; thus, a jury would never be available to find facts in a suppression hearing. Mr. Traxler's appellate counsel for Mr. Traxler, explained in her affidavit that she did not raise this issue because it was "frivolous." ***Response***, Exhibit 4 (*Doc. 20-5*). The Court agrees. Such a claim would have been frivolous, and appellate counsel was not ineffective in failing to raise it. Therefore, the Court recommends that this claim be denied.

### Motion for Evidentiary Hearing

In *Document 28*, Mr. Traxler appears to move the Court for an evidentiary hearing. The Motion is a nearly incoherent hodgepodge of print, which appears literally to be cut, pasted, and copied from numerous sources, and some of the print is illegible. ***Motion for an Evidentiary Hearing*** (*Doc. 28*). After considerable time with the motion, the Court gathers that Mr. Traxler requests the hearing in order to (1) reevaluate the validity of the stop, arrest, and search in his underlying criminal case and (2) move the Court to "impose a lesser sentence." *Id.* at 2, 8, 17. The government did not respond to the motion.

The purpose of an evidentiary hearing pursuant to § 2255 is to "determine the issues and make findings of fact and conclusions of law with respect [to the § 2255 motion]." 28 U.S.C. § 2255(b). The Court must conduct an evidentiary hearing "[u]nless the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Accordingly, a § 2255 movant must allege facts which, if proved, would entitle him to relief. *See United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996). Conclusory allegations, without supporting factual averments, do not warrant relief in a § 2255 proceeding. *See Fisher*, 38 F.3d at 1147 (citing *Hall*, 935 F.2d at 1110).

An evidentiary hearing is not required because (1) Mr. Traxler requests it to address issues outside his ***Motion***, (2) he has not presented any supporting factual averments within his ***Motion*** that would entitle him to relief, if proved, and (3) the ***Motion***, the pleadings in this case, and the criminal case record conclusively show that Mr. Traxler is entitled to no relief for the reasons set forth above. Thus, the Court recommends that Mr. Traxler's ***Motion for Evidentiary Hearing*** (*Doc. 28*) be denied.

<u>**Recommended Disposition**</u>

**IT IS HEREBY RECOMMENDED,** for the reasons stated above, that:

**(1)** the ***Movant's Motion for Enlargement of Time*** (*Doc. 26*) be **GRANTED IN PART** *nunc pro tunc* to June 10, 2009 and **DENIED IN PART**.

**(2)** the claims raised in Mr. Traxler's ***Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docs. 1, 12)*** be **DENIED**;

**(3)** the ***Motion for Evidentiary Hearing*** (*Doc. 28*) be **DENIED**; and

**(4)** Case No. CIV-08-0942 be **DISMISSED with prejudice.**

_Lourdes A. Martínez_
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**